## TATUM *v.* TATUM

No. 42816 November 25, 1963 157 So. 2d 800

*J. W. Kellum,* Sumner, for appellant.

No counsel for appellee.

McGEHEE, C. J.

In this case the husband, James Leon Tatum, filed suit for divorce against the appellant, Mrs. Marjorie Louise Holland Tatum, in the Chancery Court of Coahoma County, alleging as ground therefor habitual cruel and inhuman treatment of him by his wife.

Thereafter the appellant filed an answer and cross bill, in which she alleged cruel and inhuman treatment on appellee's part toward her and she asked for the custody of their children, Sandra Kay Tatum age 10, James Lamar Tatum age 8, and Brenda Faye Tatum age 6.

The husband thereupon filed an amended bill of complaint in which he charged the appellant with adultry. In support of this charge he testified that on one occasion "she claimed and told me when I got back (from

a period of service with the National Guard at Camp Polk Louisiana) that a man had come over and tried to get a date with her.'' Appellee testified further: ''She didn't know that she was exposing herself to the fact that she went out with his brother and stayed out which the boy's mother said was practically all night.'' Appellee further testified that he obtained an allotment from the Government in his wife's favor for $176.90 a month for the support of the children while I was away, and that she was then working for $60 per week and making ''take-home pay'' of $49 a week; that she would not give the children medicine that the doctors prescribed for them; and that she permitted the gas to be cut-off in June and got behind eight months with the payments on the house, and that he had to meet these payments out of the remainder of his salary.

Appellee also introduced a Mr. and Mrs. Sartin, his next door neighbors, and Mr. Sartin testified, in an effort to assist the husband in proving his charge against his wife, that she admitted to him that she was going out at night with a Mr. Grantham, when her husband was absent at the National Guard encampment. Mrs. Sartin was unwilling to state unequivocally that the appellant had made a similar statement to her. She was asked: ''Did she or did she not tell you that she was going with a man at night? A. Well, I would rather not answer that.''. Finally the witness inquired ''May I say something? I think a lot of both of them and I really do think that it would be best to give Mrs. Tatum the children.''

The appellant, Mrs. Tatum, categorically denied having made the admission to her husband or to Mr. Sartin, hereinbefore mentioned, and testified that the testimony of Mr. and Mrs. Sartin was untrue in that regard. This presented a conflict in the testimony for the determination of the chancellor, and he found in favor of the husband and awarded the custody of the children to

their father, with reasonable visitation of the mother with the said children, awarded the husband an absolute divorce, and provided in the decree that "the children should live with their father, provided that his mother, Mrs. Anna Davis Tatum (a widow who lives at Oxford, Mississippi) shall live with him and assist in the care and supervision of said children." No point is made as to the latter provision concerning appellee's mother. She was of course not a party to the suit.

We have not undertaken to detail all, or even the most material part of the evidence in this case, but a reading will disclose that there was sufficient proof for the chancellor to enter the decree which he did enter, particularly on the ground of habitual cruel and inhuman treatment, and also to justify the chancellor in awarding the custody of the children to the husband.

No brief is filed on this appeal on behalf of the appellee, and the appellant's brief concedes that "Mrs. Tatum failed to establish her case for divorce, and that this is not a case where we are attempting to reverse the learned chancellor on a question of fact, but we contend that there was not sufficient, competent, corroborated evidence to sustain this decree awarding Mr. Tatum a divorce and depriving Mrs. Tatum of the custody of the children." At any rate, we do not feel justified in disturbing the decree of the chancellor, which was rendered on conflicting evidence, since we find no ground for holding that the decree was manifestly wrong.

Affirmed.

*Ethridge, McElroy, Jones and Brady, JJ.,* concur.